**MARITIME ASBESTOS CLAIMANTS,**
**Appellants,**

v.

**Thomas J. ALLISON, Trustee of the Forty–Eight Insulations Qualified Settlement Trust, Appellee.**

**No. 96 C 6279.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 2, 1997.

---

Dion Joseph Sartorio, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for Appellants.

Terry John Malik, Winston & Strawn, Chicago, IL, for Appellee.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Forty–Eight Insulations, Inc. ("Debtor"), a former producer of asbestos-containing products, created a trust fund from its Chapter 11 liquidation proceeds to pay asbestos-related property damage and personal injury claims. Appellants, the Maritime Asbestos Claimants ("Claimants") assert a right to part of the fund for alleged personal injuries related to the use of Debtor's products in the maritime industry. The appellee, Debtor's Trustee, Thomas J. Allison ("Trustee"), disallowed the appellants' claims and sought to distribute the trust fund to those claims that were allowed, keeping in reserve $1.8 million for disputed disallowed claims. In a September 10, 1996 order ("September 10 Order"), the bankruptcy court approved the Trustee's request for the interim distribution. Claimants now appeal, claiming that the bankruptcy court erred in granting the September 10 Order. For the reasons set forth below, the appeal is remanded to bankruptcy court for further findings.

### Background

On September 3, 1996, the Trustee moved the bankruptcy court to approve an interim distribution of money from the trust fund for allowed asbestos claimants. All funds would be distributed except for $1.8 million, which would be set aside for future costs and subsequent approved claims of disallowed asbestos claimants. Claimants objected to the level of the reserve, seeking to increase it to $5.8 million. The bankruptcy court heard the motion on September 10, 1996, and granted Trustee's motion. Judge Barliant found that the Trustee had discretion to make interim payments and to set a reserve, and that Trustee's decision to set the reserve at $1.8 million was reasonable.

Claimants subsequently appealed the September 10 Order and moved for an emergency stay of the Order until the appeal was completed. The emergency stay was denied by the bankruptcy court and the district court, sitting as an appellate court. The Claimants then appealed the denial of the stay to the Seventh Circuit. The Seventh Circuit denied the stay, holding that the Claimants did not make a sufficient showing of likelihood of success on their appeal.

The Claimants appeal of the September 10 Order is now before this court. As part of their appeal, they have submitted over four thousand affidavits as well as other documents that were not part of the record before the bankruptcy court.

### Jurisdiction

This court has appellate jurisdiction over the appeal of the bankruptcy court order pursuant to 28 U.S.C. § 158(a).

### Standard of Review

The Federal Rules of Bankruptcy Procedure apply to this bankruptcy appeal. Rule 8013 provides that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R.Bankr.P. 8013; *In the Matter of Woodbrook Associates.*, 19 F.3d 312, 316 (7th Cir. 1994) (the district court reviews the bankruptcy court's findings of fact under a "clear-

ly erroneous" standard). Conclusions of law are reviewed *de novo*. *Woodbrook*, 19 F.3d at 316.

■ In reviewing a bankruptcy court's order, the district court may look to facts in the record not specifically mentioned by the fact finder but it should not make new factual findings. *See In the Matter of Love*, 957 F.2d 1350, 1361–62 (7th Cir.1992); *see also In the Matter of Excalibur Auto. Corp.*, 859 F.2d 454, 461 (7th Cir .1988) (stating that it is inappropriate for the district court to make additional findings of fact). The district court errs when it "engag[es] in additional fact finding and ... bas[es] its decision on these additional facts." *In the Matter of Neis*, 723 F.2d 584, 590 (7th Cir.1983).[1]

The Claimants, however, argue that this court has jurisdiction to look at new evidence based on the Seventh Circuit's opinion denying the Claimants' stay. The Seventh Circuit stated:

> Although we affirm the district court's stay denial on the basis that the Claimants have not made the required strong showing of likelihood of success on the merits, we are mindful that our conclusion does not take into account *further factual evidence to the contrary that may be presented during the appeal before the district court*. Our decision on this interlocutory appeal of the stay denial, therefore, does not conclusively decide the merits of the Claimants' appeal of the September 10 Order.

*In the Matter of Forty–Eight Insulations, Inc.*, 115 F.3d 1294, 1304 (7th Cir.1997) (emphasis added).

The Trustee filed an Amended Emergency Petition for Rehearing or In the Alternative for Clarification of the Opinion and Order, seeking to clarify the above statement. The

Seventh Circuit, however, did little to clarify the meaning of their prior opinion, stating:

> The Trustee's Amended Petition for Rehearing misconstrues this panel's June 9 opinion. When read in its entirety, the intent of the conclusion paragraph of our June 9 opinion is clear: our holding that appellants failed to make the requisite showing of likelihood of success necessary to warrant issuance of a stay is not a decision on the merits of the appeal of the September 10 Order which, as the parties should be aware, is the bankruptcy order which allowed distribution of trust funds.

(7th Cir. July 28, 1997.)

The Trustee argues that the Seventh Circuit's use of the word "misconstrues" indicates that the Circuit did not mean to suggest that the district court could review new evidence. The Claimants argue that the Seventh Circuit did not intend any such interpretation and that by denying the Trustee's motion, the Circuit indicated that its language was plain and that the district court could review new evidence and make independent factual findings.

■ Both parties neglect to address the fact that this court can remand the case to bankruptcy court. "On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed.R.Bankr.P. 8013. Remand is appropriate where the "findings of fact are not sufficiently clear or complete." *Neis*, 723 F.2d at 590; *see also Caldwell*, 851 F.2d at 857 ("If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the neces-

---

1. Other circuits have also held that a district court, reviewing a bankruptcy court decision, should not make independent factual findings. The Eighth Circuit held that "[i]n reviewing a bankruptcy court's judgment, ordinarily a district court acts as an appellate court; reviewing the bankruptcy court's legal conclusions de novo, and its findings of fact under the clearly erroneous standard.... The district court may not make its own independent factual findings." *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir .1990)

(citation omitted). The Sixth Circuit stated that "[i]t is important to bear in mind that when a district court acts as an appellate court, as it does when it reviews a bankruptcy proceeding, the district court is subject to the same limitations which are imposed upon any appellate tribunal. This means that the district court 'may not make its own independent factual findings.'" *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988) (citing *Neis*, 723 F.2d at 588–90).

sary factual determination.") *Muncrief,* 900 F.2d at 1224 (same). Thus, to the extent that the bankruptcy court's factual findings are unclear or incomplete, the bankruptcy court can review all relevant evidence on remand.

### Abuse of Discretion

The Claimants' argue that the bankruptcy court erred in granting the September 10 Order that accepted the Trustee's $1.8 million reserve amount. They argue that the Trustee abused his discretion in failing to set the reserve at $5.8 million.

■ Illinois law governs the trust document in this case. *Forty–Eight Insulations,* 115 F.3d at 1302. Under Illinois law, a trustee's discretion on issues of trust fund management are evaluated under the "prudent person" standard. *Id.* (citing *Jefferson National Bank v. Central National Bank,* 700 F.2d 1143, 1152 (7th Cir.1983)). "Under this standard, the Trustee may not arbitrarily choose to create a reserve or keep a reserve at a certain level; his decision must be made 'considering the purposes, terms, distribution requirements, and other circumstances of the trust. This standard requires the exercise of reasonable care, skill, and caution.'" *Id.* (quoting 760 Ill.Comp.Stat. 5/5(a)(1) (1993)). Thus, the key issue in deciding this appeal is whether or not "the Trustee's decision to set the reserve at $1.8 million was a reasonable and prudent exercise of his discretion under the relevant circumstances of the Trust." *Id.* at 1303.

■ Under the terms of the Trust, disallowed claims would not be paid unless the claimants challenged the Trustee's disallowance decision and won in court. *Id.* At that time, those claimants are entitled to an "equal payout" from the trust fund. *Id.* Thus, the Trustee must evaluate the likelihood of success of those disallowed claimants in setting a reserve. Whether or not the Trustee abused his discretion depends on whether "a reasonable person would agree that the reserve was sufficient given the number *and relative merit of disputed claims." Id.* (Emphasis added.)

■ The bankruptcy court did not address the relative merits of the disputed claims in evaluating whether or not the Trustee abused his discretion. In the hearing on the September 10 Order, Judge Barliant found:

> "I think the trustee does have that discretion to determine the amount of the reserve ... [The Trustee] had a reasonable basis for disallowing those claims, and he has a reasonable basis for this judgment that the amount that he is reserving is adequate...."

Tr. of Proceedings Before the Honorable Ronald Barliant (September 10, 1996), Appellee's Supplemental App., Volume II, Ex. R at 542–43. Furthermore, in the hearing to stay the September 10 Order, Judge Barliant stated:

> First, I have never to my recollection expressed an opinion on the ultimate merits of the maritime claims. I think what I held was that the plan and the trust vested the discretion in the trustee.... A trustee has the discretion to decide what reserve is appropriate under the circumstances, including, obviously, the pendency of lawsuits or claims that were rejected by the trustee.... I am not expressing a view on the merits of the maritime claims.

Tr. of Proceedings Before the Honorable Ronald Barliant (September 24, 1996), R. on Appeal, Volume II, Ex. I at 6–7. Thus, all that Judge Barliant decided was that the Trustee had discretion to set the reserve. He did not make any factual findings as to the merits of the Claimants' claims to determine whether the Trustee had abused his discretion.

### Conclusion

In light of the Seventh Circuit's decision requiring an examination of the merits of the claims, this case must be remanded to bankruptcy court for further findings.